**In the Interest of A.M.C., a Child.**

**In the Interest of N.B.C. III, a Child.**

**In the Interest of T.L.C., a Child.**

**Jeanne R. SEXTON, Petitioner and Appellee,**

v.

**A.M.C., N.B.C. III, T.L.C., Children, Respondents and Appellees,**

**S.C.K., mother, N.B.C. II, father, Respondents and Appellants,**

and

**David M. Wheelihan, as Guardian ad Litem for the above-named children, Respondent and Appellee.**

**Civ. No. 11121.**

Supreme Court of North Dakota.

July 30, 1986.

James N. Purdy, State's Atty., Ellendale, for petitioner and appellee.

David M. Wheelihan, Ellendale, for respondent and appellee.

Wendy P. Schulz, Jamestown, for respondent and appellant, S.C.K.

Goodman Law Office, Oakes, for respondent and appellant N.B.C. II; argued by Ronald E. Goodman.

LEVINE, Justice.

S.C.K., the mother of three minor children, appeals from a juvenile court order terminating her parental rights pursuant to North Dakota Century Code § 27–20–44. We affirm.[1]

The question on appeal is whether the evidence was sufficient to support the trial court's order terminating the mother's parental rights.

In order to achieve termination of parental rights, the State has the burden to establish by clear and convincing evidence each of the three factors prescribed by NDCC § 27–20–44(1)(b): (1) that the children are deprived; (2) that the causes and conditions of the deprivation are likely to continue or not be remedied, thus (3) causing the children to suffer now or probably in the future, serious physical, mental or emotional harm. NDCC § 27–20–44(1)(b).

*In Interest of V.J.R.*, 387 N.W.2d 499 (N.D. 1986).

Because we reexamine the evidence in a fashion similar to the former procedure of trial de novo, we are not limited in our review of the order of the juvenile court, by the clearly erroneous rule. *In Interest of D.S.*, 325 N.W.2d 654 (N.D.1982). We do, however, give appreciable weight to the juvenile court's findings, NDCC § 27–20–56(1), although we are not bound by them. *Kleingartner v. D.P.A.B.*, 310 N.W.2d 575 (N.D.1981).

We have reexamined the files, records and transcripts of the evidence. While it would serve no purpose to chronicle the events precipitating the termination, we are satisfied that the evidence clearly and convincingly establishes a pattern of behavior by the mother over a significant period of time, in a variety of circumstances, which was inimical to the welfare of the children. The evidence also establishes with equal clarity and persuasiveness that the manifestations of the mother's personality disorder are and will probably be hazardous to the physical, emotional and mental health of the children and that the prognosis for either her rehabilitation or treatment is dim. We hold therefore that the evidence was sufficient to justify the juvenile court's termination order.

Accordingly the order is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.

---

1. The father of the children, N.B.C. II, also appeals from the order terminating his parental rights. Recently, counsel for N.B.C. II informed the Court of N.B.C. II's death and sought to "withdraw N.B.C. II's appeal." We treat this request as a motion to dismiss pursuant to Rule 42, North Dakota Rules of Appellate Procedure, and dismiss N.B.C. II's appeal.