L.J. BERNHARDT, Petitioner
and Appellee,

v.

K.Q., a child, and L.B., her
father, Respondents,

and

D.Q., her mother, Respondent
and Appellant.

In the Interest of K.Q., a Child.

Civ. No. 870372.

Supreme Court of North Dakota.

May 26, 1988.

James Hope, Asst. State's Atty., Dickinson, for petitioner and appellee.

Thomas J. Gunderson, Dickinson, for respondent and appellant.

VANDE WALLE, Justice.

D.Q., the mother of an infant daughter, K.Q., appealed from a juvenile court order terminating her parental rights pursuant to Section 27–20–44, N.D.C.C. We affirm.[1]

Our statute governing the termination of parental rights is part of the Uniform Juvenile Court Act, codified at Chapter 27–20, N.D.C.C. This court's scope of review of decisions made pursuant to that Act is delineated at Section 27–20–56(1), N.D.C.C. Our review is to be:

"based upon the files, records, and minutes or transcript of the evidence of the juvenile court. Our review is not limited to a determination of whether or not the juvenile court's findings are clearly erroneous; rather, we are allowed to reexamine the evidence in a manner similar to the former procedure of trial de novo, giving appreciable weight to the findings of the juvenile court." *In Interest of J.N.R.*, 322 N.W.2d 465, 467 (N.D.1982).

In order that the court may terminate parental rights pursuant to Section 27–20–44, the State must establish by clear and convincing evidence that the following factors exist:

"1) the child is a 'deprived child';

"2) the conditions and causes of deprivation are likely to continue or will not be remedied; and

"3) by reason of the continuous or irremedial conditions and causes, the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm." *J.N.R.*, 322 N.W.2d at 468.

See also *In Interest of A.M.C.*, 391 N.W.2d 178 (N.D.1986); *Interest of R.W.B.*, 241 N.W.2d 546 (N.D.1976).

We have examined the files, records, and transcripts of the evidence. We are satisfied by our reexamination of the evidence that it clearly and convincingly establishes that D.Q. suffers from chronic schizophrenia or a condition very similar to that disease, which manifests itself in a manner detrimental to the welfare of K.Q. The evidence also clearly establishes that, even

___

1. The father of the child, L.B., did not appeal   from the juvenile court's order.

viewed in the light most favorable to D.Q., this condition will require years of treatment before it is alleviated. Thus there was clear and convincing evidence that because of the continuing nature of D.Q.'s illness K.Q. would probably suffer serious physical, mental, moral, or emotional harm if she remained in the care, custody, or control of D.Q.

The order of the juvenile court is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.