In the Interest of D.R. and M.R., Children.

Melody R.J. JENSEN, Petitioner and Appellee,

v.

DIRECTOR, CASS COUNTY SOCIAL SERVICES, E.R., D.R., M.R., and Bruce Johnson, Guardian Ad Litem, Respondents,

M.R., Respondent and Appellant.

Civ. No. 900164.

Supreme Court of North Dakota.

Dec. 17, 1990.

Mark R. Boening (argued), Asst. States Atty., Fargo, for petitioner and appellee.

Steven D. Mottinger (argued), Fargo, for respondent and appellant.

Bruce D. Johnson, Fargo, Guardian Ad Litem.

MESCHKE, Justice.

M.R. (hereafter Marie, a pseudonym) appealed from a juvenile court order terminating her parental rights to her two boys, M.R. and D.R., (hereafter Mark and Don, pseudonyms). We affirm.

Mark was born April 27, 1984 and Don was born December 11, 1985 to Marie and her husband, Eugene. Each parent has a chronic mental illness and has been hospitalized several times since the children were born. Intermittently, since January 1986, the children have been in the legal custody of Cass County Social Services with repeated visitations, returns, and trial home placements. After the parents were divorced, the most recent trial home placement with Marie in April 1989 was also unsuccessful. After seven days, Marie

contacted Social Services, indicated she was unable to care for the children, and admitted herself to the State Hospital. Thereafter, Social Services sought termination of parental rights. Eugene consented to termination. After a trial, the juvenile court terminated Marie's rights as a parent. Marie appealed.

■ To terminate a parent's rights to children, the court must be convinced that the children are deprived, that the causes and conditions of deprivation are likely to continue unremedied, and that, by reason of the continuous and irremediable causes and conditions, the children are suffering or will probably suffer serious physical, mental, moral, or emotional harm. NDCC 27–20–44(1)(b). Termination of a parent's rights to children depends upon that parent's ability, conduct, and fitness to carry out the duties and responsibilities of caring for the children. *In Interest of M.M.S.*, 449 N.W.2d 574 (N.D.1989). Mental illness, alone, is not reason to terminate the rights of a parent. *Matter of Adoption of K.S.H.*, 442 N.W.2d 417 (N.D.1989); *In Interest of M.N.*, 294 N.W.2d 635 (N.D.1980). Children should be taken from a parent only when it is clear that they will suffer serious harm if left in the parent's care.

■ We examine the evidence in a manner similar to a trial de novo. *In Interest of J.A.L.*, 432 N.W.2d 876, 878 (N.D.1988). We recognize the juvenile court's opportunity to observe the demeanor of the witnesses, and we give appreciable weight to the juvenile court's findings, but we are not bound by those findings. *In Interest of A.M.A.*, 439 N.W.2d 535, 537 (N.D.1989). We review the entire record.

On appeal, Marie argues that, with "consist[e]nt psychiatric treatment" and "when provided with reasonable assistance," she could "significantly improve in her abilities to care for herself and her children." With improved treatment and increased assistance, Marie argues, the causes of her children's deprivation are not likely to continue, and an important element for termination of her rights is missing.

Dr. Samy Karaz, a psychiatrist, testified that Marie has suffered from chronic schizophrenia since 1968 with acute and recurrent symptoms that need close psychiatric supervision. Her symptoms include auditory hallucinations, disorganized thought processes, lack of insight, and ongoing problems with anger outbursts and emotional instability. Dr. Karaz testified that Marie was often unable to care for herself, and was overwhelmed in trying to care for her children. In his opinion, her illness was so severe that she was unlikely to be able to care for her children. Dr. Karaz concluded that medications were not likely "to get [Marie] to a level of functioning when she can take care of her children continuously over a period of years or longer period of time."

The trial court determined

that [Marie] does not have the skills necessary to function on her own let alone take care of two children. [Marie] is suffering from a chronic and deteriorating schizophrenic mental illness. She is subject to angry outbursts and emotional [in]stability at any time. Based on the testimony of Dr. Zimmerman, Dr. Karaz, and Sue Gebhardt, the Court finds that because of [Marie's] mental illness, the children will continue to be deprived of the proper parental care and control as required by law. The Court further finds that based on [Marie's] past history and current level of functioning, [her] condition will not improve to the extent necessary to enable her to care for herself and parent the two children in the future. [Marie] would need 24 hours supervision just to care for her own basic needs and the needs of her children.

We agree.

■ From reexamination of the evidence, we are satisfied that it clearly and convincingly establishes that Marie suffers from a chronic and debilitating mental illness that makes her incapable of caring for her children. Repeated trial placements with Marie have been unsuccessful. Even if a more consistent treatment could be contrived for Marie, the scope of the necessary increased assistance, through constant supervised care for Marie and her children together, would be too extravagant and is

not required by law. *In Interest of J.A.L.*, 432 N.W.2d 876 (N.D.1988). The children have already been delayed and harmed in their development. Prognostic evidence clearly demonstrated, as the trial court determined, that Marie "will not acquire even the basi[c] skills necessary to take care of herself let alone to take care of her children."

Clear and convincing evidence proved that Mark and Don are deprived, that the causes of their deprivation are likely to continue unremedied, and that they will suffer more and serious harm in Marie's care. *See Bernhardt v. K.Q.*, 423 N.W.2d 803 (N.D.1988). Therefore, we affirm the juvenile court's decision to terminate Marie's parental rights.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.